**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

**TERRY W. HAMBRIC**,

                **Petitioner,**

**v.**                                       **Case No.: 5:15-cv-04549**

**JOE COAKLEY, Warden,**
**FCI Beckley,**

                **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

On April 15, 2015, Terry Wayne Hambric (hereinafter "Petitioner") filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 2). Pending before the court are Petitioner's petition and Respondent's motion to dismiss as set forth in his Response to Show Cause Order. (ECF No. 20). This case is assigned to the Honorable Irene C. Berger, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DENY** Petitioner's Petition for a Writ of Habeas Corpus, **GRANT** Respondent's motion to dismiss, and **DISMISS** this action from the docket of the Court.

**I.**    **Introduction**

On December 19, 2011, in the United States District Court for the Western

1

District of Kentucky, Petitioner pled guilty to charges of bank fraud, aggravated identity theft, wire fraud, and counterfeiting checks pursuant to a plea agreement. (ECF No. 21-1; ECF No. 21-2). He was sentenced on April 3, 2012 to 61-months' imprisonment; the judgment was entered on April 10, 2012. (ECF No. 21-4). Petitioner did not appeal the conviction or sentence, but on June 19, 2013, he filed a motion pursuant to 28 U.S.C. § 2255 in the sentencing court. (ECF No. 21-6). In that motion, Petitioner requested that his conviction be vacated and that he be resentenced for the following four reasons:

    1.    He did not fully understand the consequences of pleading guilty.

    2.    His counsel was ineffective by failing to conduct any pretrial discovery.

    3.    Counsel for the co-defendant had previously represented Petitioner; accordingly, counsel had a conflict of interest.

    4.    His counsel was ineffective by failing to "adequately defend" Petitioner.

(*Id.*) On August 11, 2014, United States Magistrate Judge Dave Whalin filed Proposed Findings of Fact and Conclusions of Law, (ECF No. 22-1), in which he recommended that Petitioner's § 2255 motion be dismissed as untimely under the statute of limitations contained in the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA").[1] The presiding District Judge adopted the report and recommendation on

---

[1] The AEDPA contains a one-year statute of limitations within which a prisoner may file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id.*

September 17, 2014 and dismissed Petitioner's § 2255 motion. (ECF No. 22-2).

Seven months later, on April 15, 2015, Petitioner filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 2). Petitioner once again challenges the legality of his conviction and asserts as grounds for relief the same four arguments previously raised in his untimely § 2255 motion. On February 5, 2016, pursuant to a Show Cause Order, Respondent filed a response seeking dismissal of the petition. (ECF No. 20). Respondent argues, *inter alia*, that Petitioner's § 2241 petition is properly construed as a second or successive § 2255 motion over which this court lacks jurisdiction. Respondent further asserts that the motion is not a candidate for transfer, because it is (1) time-barred, (2) repetitive of the motion already dismissed by the United States District Court for the Western District of Kentucky, and (3) without merit. Although Petitioner was given an opportunity to reply to Respondent's contentions, he did not do so.

After filing the petition for habeas relief, Petitioner completed his federal sentence. He was transferred to the Eastern Kentucky Correctional Complex to begin serving a separate term of imprisonment on a state parole violation. (ECF No. 22-6, ECF No. 2 at 8, ECF No. 23 at 2). Petitioner is currently housed at the Blackburn Correctional Complex in Lexington, Kentucky. (ECF No. 25).[2]

## II.   **Discussion**

Title 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a federal conviction and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Although § 2241 provides a general grant of habeas corpus authority, the remedy

---

[2] *See also* www.kool.corrections.ky.gov/KOOL/Details/7311.

under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. To the contrary, "[i]t is only when '§ 2255 proves inadequate or ineffective to test the legality of detention,' that a federal prisoner may pursue habeas relief under § 2241." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citation omitted); *see also In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (stating that in "a limited number of circumstances," § 2255 is inadequate to test the legality of the prisoner's detention, and accordingly, the prisoner may file a habeas petition under § 2241.). The "savings clause," found at 28 U.S.C. § 2255(e), occasionally allows a § 2241 petition to take the place of a § 2255 motion, but not "merely ... because an individual is procedurally barred from filing a Section 2255 motion," *In re Vial*, 115 F.3d at 1194, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F. Supp. 2d 354, 357 (S.D.W.Va. 2001). Rather, the savings clause creates a narrow opening through which a petitioner may pass when his § 2241 claim contains all three of the following characteristics: (1) at the time of his conviction, the settled law of the circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d at 333-34. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective by satisfying the *Jones* criteria. *See Hood v. United States*, 13 F. App'x 72, 2001 WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W.Va. Feb. 20, 2014).

In this action, Petitioner unequivocally challenges the validity of his federal conviction and sentence. Therefore, Petitioner's claim must be brought pursuant to 28 U.S.C. § 2255, unless he can show under the savings clause that § 2255 is inadequate or ineffective. Petitioner makes no such showing. Indeed, Petitioner's § 2241 petition matches his prior § 2255 motion issue-for-issue, and he makes no effort to distinguish them. He does not rely on an intervening change in the law, nor does he claim that the conduct of which he was convicted is no longer criminal. Consequently, the undersigned **FINDS** that Petitioner's claims must be brought under 28 U.S.C. § 2255.

Given that Petitioner has not stated a cause of action cognizable under § 2241, his petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). If the court chooses to dismiss Petitioner's action, then he will have the option of re-filing his claims in the United States District Court for the Western District of Kentucky because, unlike § 2241 petitions, which are brought in the district in which the petitioner is incarcerated, *see United States v. Poole*, 531 F.3d 263 (4th Cir. 2008), § 2255 directs the petitioner to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). If the court chooses to construe the action as a § 2255 motion, then the matter will have to be transferred, as this court lacks jurisdiction to hear it.

Considering the circumstances of this case, the undersigned **FINDS** no purpose in construing Petitioner's action as a § 2255 motion. Petitioner previously raised in the Western District of Kentucky all of the arguments set forth in the instant petition, and they were roundly rejected. Thus, recharacterizing and transferring the

instant petition to the Western District of Kentucky would make it the second time that these claim were presented to the sentencing court. Moreover, Petitioner apparently lacks a certificate from the United States Court of Appeals for the Sixth Circuit to file a second or successive § 2255 motion, as required by § 2255(h) and 28 U.S.C. § 2244(b)(3)(A). Accordingly, like this court, the Western District of Kentucky would lack jurisdiction to hear the second § 2255 motion if the petition were recharacterized as such. *See, e.g., Harris v. Hogsten*, No. 1:13-11595, 2013 WL 6008496, at *2 (S.D.W.Va. Nov. 13, 2013); *Satcher v. Hogsten*, No. 1:13-0466, 2013 WL 5674856, at *2 (S.D.W.Va. Oct. 17, 2013); *Currence v. Cauley*, 1:11-0088, 2013 WL 5658345, at *3 (S.D.W.Va. Oct. 15, 2013); *and United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").

Finally, as the Government points out, the court may exercise its authority under 28 U.S.C. § 1631 by transferring the petition to the Sixth Circuit for consideration as a motion for pre-filing authorization. Title 28 U.S.C. § 1631 provides as follows:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ... and the action ... shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

The United States Court of Appeals for the Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions

to th[e] court for consideration as [pre-filing authorization] motions." *Jones v.*
*Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). Accordingly, courts in the fourth circuit,
such as this court, retain discretion to determine whether the transfer of an
unauthorized successive petition is "in the interest of justice." *Id.* In particular, a
district court is free to dismiss, rather than transfer, a petition that is frivolous or
time-barred. *United States v. McNeill*, 523 F. App'x 979, 984 (4th Cir. 2013) (citing
*Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999) (stating that the transfer of a
frivolous, time-barred case is a waste of judicial resources) and *Galloway Farms, Inc.*
*v. United States*, 834 F.2d 998, 1001 (Fed. Cir. 1987) (declining to transfer claims
under § 1631 that were frivolous)).

Petitioner's judgment in the Kentucky District Court was entered on April 10,
2012, and he did not file an appeal. Therefore, Petitioner's conviction became final on
April 24, 2012. *United States v. Johnson,* 203 F.3d 823, 2000 WL 37753, at *1 (4th
Cir.  Jan. 19, 2000) (unpublished table decision) ("Where, as here, a defendant does
not pursue a direct appeal, the conviction becomes final when the time expires for
filing a direct appeal"); *see, also, United States v. Sanders,* 247 F.3d 139, 142 (4th Cir.
2001) ("[S]ince [petitioner] did not file a direct appeal, his conviction became final
for purposes of § 2255 subsection (1)," on the date "upon which he declined to pursue
further direct appellate review."). Petitioner did not file his first § 2255 motion until
June 19, 2013, more than one year later. Petitioner was given an opportunity to justify
his untimely motion by showing that the doctrine of equitable tolling applied in his
case. However, the United States Magistrate Judge concluded that Petitioner had not
satisfied the conditions for equitable tolling. (ECF No. 22-1). Petitioner did not object
to the Magistrate Judge's findings or to his recommendation that the § 2255 motion

7

be denied as untimely. Ultimately, the motion was denied and the case was dismissed. (ECF No. 22-2). Clearly, Petitioner's current copycat petition, which was filed seven months after dismissal of the first § 2255 motion, would be untimely. For that reason, the interest of justice would not be served by transferring the petition to the Sixth Circuit Court of Appeal. Instead, the petition should be dismissed.[3]

### III.   **Proposal and Recommendations**

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 2), be **DENIED;** Respondent's Motion to Dismiss as set forth in the Response to Show Cause Order, (ECF No. 20), be **GRANTED;** this action be **DISMISSED,** with prejudice; and the case be removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which

---

[3] Although the Government addresses the merits of Petitioner's claims, the undersigned declines to do so given this court's lack of jurisdiction. Furthermore, the petition is plainly repetitive and untimely, making consideration of the merits a fruitless exercise.

objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Berger and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and Respondent.

**FILED:**  October 13, 2016

Cheryl A. Eifert
United States Magistrate Judge